**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 32**

Docket No. AT-0752-13-4332-I-1

**Lee Ronso,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

April 14, 2015

<u>Lee Ronso</u>, Cantonment, Florida, pro se.

<u>Thomas J. Tangi</u>, Jacksonville, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## <u>OPINION AND ORDER</u>

¶1      The appellant has petitioned for review of the initial decision, which affirmed the agency's furlough action.  For the following reasons, we conclude that the petitioner has not established a basis under 5 C.F.R. § 1201.115 for granting the petition for review.  We therefore DENY the petition for review and AFFIRM the initial decision AS MODIFIED.

## BACKGROUND

¶2      The appellant is a Rehabilitation Program Manager for the agency's substance abuse clinic in Pensacola, Florida.  Initial Appeal File (IAF), Tab 10 at 4.  On June 3, 2013, the agency sent him a notice of proposed furlough, citing

budget cuts required by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. *Id*. at 6-8. The notice proposed furloughing full-time employees, such as the appellant, for up to 11 days. *Id*. at 7. On June 26, 2013, the appellant received the agency's decision, upholding the proposed furlough. *Id*. at 9-11.

¶3    The appellant filed this appeal with the Board. IAF, Tab 1. After holding the requested hearing, the administrative judge upheld the furlough. IAF, Tab 13, Initial Decision (ID). The appellant has filed a petition for review.[1] PFR File, Tab 1. The agency has not filed a response.

---

[1] The appellant's petition for review contains new arguments that were not raised below. Despite solely relying on an exception for the protection of life and property below, IAF, Tab 7 at 4, the appellant's petition suggests that another furlough exception also may have applied to his position, Petition for Review (PFR) File, Tab 1 at 9 (referencing the authority of deciding officials to approve up to 50 individual, mission-based exceptions to the furlough); IAF, Tab 11 at 8 (permitting designated agency officials to approve up to 50 additional exceptions as needed to ensure safe and efficient operations of their departments). He also seems to suggest that the agency's furlough decisions may have been motivated by sex discrimination. *See* PFR File, Tab 1 at 23. However, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Because the appellant made no such showing, we will not consider his new arguments on review.

The appellant also suggests that the administrative judge erred in allowing the deciding official the opportunity to review a document during her testimony, without affording him a similar opportunity concerning another document. *See* PFR File, Tab 1 at 6 (referencing a copy of a document which is available in the Department of the Navy's Administrative Record for FY 2013 Furlough Appeals, Part 2 at 125-27, *available at* http://www.mspb.gov/furloughappeals/navy2013.htm). However, because the appellant failed to present any argument that this purported error affected his substantive rights, it is of no legal consequence and we will not consider it further. *See Tan v. Department of Veterans Affairs*, 89 M.S.P.R. 15, ¶ 5 (2001) (the proponent of an alleged procedural error bears the burden of demonstrating that it adversely affected his substantive rights; absent that adverse effect, the error is harmless).

ANALYSIS

¶4      Under 5 U.S.C. §§ 7512(5) and 7513(a), an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." Accordingly, an agency must prove that cause existed for the furlough and that the furlough promotes the efficiency of the service. *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014). An agency satisfies the efficiency of service standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).

¶5      The appellant does not dispute the administrative judge's finding that the agency's furloughs were a reasonable management solution to the budget cuts required by sequestration and promoted the efficiency of the service, generally, and we decline to revisit the administrative judge's well-reasoned findings on the issue. ID at 3-5; *see generally Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶¶ 4, 15-16 (2014) (affirming the administrative judge's determination that furloughs were a reasonable management solution to the financial restrictions resulting from sequestration). Nor does the appellant allege that the agency applied the furlough in an unfair or uneven manner. *See Chandler*, 120 M.S.P.R. 163, ¶ 8 (explaining that "fair and even manner" means that the agency treated similar employees similarly and justified any deviations with legitimate management reasons). Instead, the appellant alleges that he fell within one of the agency's designated exceptions for the furlough, based upon the nature of his position managing a substance abuse program. PFR File, Tab 1 at 8-23. He also alleges that, contrary to the administrative judge's findings, the agency violated its own policy and his due process rights when the deciding official delegated the task of receiving oral responses to the furlough proposals. *Id.* at 5-7, 15-18. We find no merit to these arguments.

<u>The administrative judge properly found that the agency proved cause for the appellant's furlough because he met the criteria for being subject to, and not excepted from, the furlough.</u>

¶6        The appellant has consistently argued that he should have been excepted from the furlough based upon the nature of his position.  *E.g.*, IAF, Tab 7 at 4. According to the appellant, he fell within the exception that applied to select medical personnel.  *See* IAF, Tab 7 at 4, Tab 11 at 7-8.  We find no error in the administrative judge finding otherwise.

¶7        The agency's burden to show "cause" for a furlough encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough. [2]  *Dye*, <u>121 M.S.P.R. 142</u>, ¶ 9.  The Secretary of Defense issued a memorandum establishing a number of exceptions to the decision to furlough employees.  *See* IAF, Tab 11 at 7-11.  Among them was an exception for "those employees necessary to protect safety of life and property . . . to the extent necessary to protect life and property . . . includ[ing] selected medical personnel."  *Id*. at 7.  The memorandum elaborated that "exceptions for the medical category are approved with the understanding [that] these exceptions preserve the minimum level of personnel needed to maintain quality of care in 24/7 emergency rooms and other critical care areas such as behavioral health." *Id*. at 8.

¶8        The deciding official for the appellant's furlough limited her use of this exception to medical staff providing emergency and in-patient services.  *See* IAF, Tab 12, Hearing Compact Disk (HCD) (deciding official testimony).  She did not use the exception for personnel that serviced out-patient clinics, such as the

---

[2] The administrative judge framed the issue of whether the appellant fell within an exception to the furlough as an issue of "efficiency of the service."  ID at 5.  However, this issue is more appropriately addressed as one of cause.  ID at 5-7.  To the extent that the administrative judge incorrectly characterized this discussion, we modify the initial decision.

appellant. *See id*. On review, the appellant asserts that the deciding official interpreted the exception too narrowly by not including out-patient services. PFR File, Tab 1 at 13, 19-21. He argues that his position at an out-patient clinic is critical to the well-being of patients. *Id.* at 8-11. According to the appellant, he is the only civilian in his department, so his furlough resulted in his unqualified subordinates managing the substance abuse treatment program on the days he was furloughed. *Id*. at 8-9. He also argues that he was deemed essential or exempt during the later government shutdown, so he should have been excepted from the furloughs resulting from sequestration for the same reasons. *Id*. at 14-15.

¶9      Although we appreciate the appellant's concern for the well-being of patients, we find no error in the administrative judge's determination that the agency proved cause, despite declining to apply the furlough exception for select medical personnel to the appellant. *See* ID at 6-8; *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Because the exception included the phrase "to the extent necessary," it did not create a blanket exception. *See* IAF, Tab 11 at 7; *see also Lopez*, 121 M.S.P.R. 647, ¶ 11. Instead, the exception contemplated that management would exercise discretion, as it did here, in determining which employees were needed to preserve minimal care. *See* IAF, Tab 11 at 7.

¶10     We also find no error in the administrative judge's determination that, while the appellant may have been deemed "essential" or "exempt" for purposes of a government shutdown,[3] that determination is not dispositive for purposes of

---

[3] The referenced "government shutdown" was a period from October 1-16, 2013, during which nonexempt federal employees were furloughed after Congress failed to pass a budget or continuing resolution in time to avoid a lapse in appropriations. *See generally* Continuing Appropriations Act of 2014, Pub. L. No. 113-46, 127 Stat. 558

the agency's exceptions for furloughs resulting from sequestration. ID at 7-8. The appellant has argued that the government shutdown and sequestration are comparable because both required furloughs due to fiscal issues. PFR File, Tab 1 at 14-15. He asserts that it is illogical that he worked throughout the shutdown because he was "essential" when the agency had no funding, but was furloughed when sequestration caused the agency to have reduced funding. *Id.* at 15.

¶11      We agree with the administrative judge's decisions to credit the deciding official's testimony and find that the government shutdown and sequestration each required a unique assessment of staffing needs. ID at 7-8. While the government shutdown was governed by the Antideficiency Act, Pub. L. No. 97-258, 96 Stat. 877 (1982) (codified, in pertinent part, as amended, at 31 U.S.C. § 1342), the sequestration furloughs were governed by the agency's internal policy, *see* IAF, Tab 11 at 4-13. Like the sequestration furlough exception for "employees necessary to protect safety of life and property," the furloughs that resulted from the government shutdown had a similar exception "for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342; IAF, Tab 11 at 7. However, despite this facial similarity, the administrative judge found, based on the testimony of the deciding official, that the circumstances of the government shutdown furlough resulted in more exceptions. The agency had to determine which employees would be exempt from the government shutdown furloughs with the knowledge that employees who were not excepted would be absent on a continuous, rather than a sporadic, basis and without the knowledge of when the shutdown would come to an end. *See* HCD (deciding official testimony). By comparison, the agency knew that employees would be furloughed no more than 11 days due to sequestration, and the agency was able to space out those days over the course of several months.

(2013) (ending the October 2013 government shutdown by providing appropriations for the remainder of the fiscal year).

*Id*.; IAF, Tab 11 at 6. In essence, the government shutdown required that the agency abruptly wind down and stop many activities, while sequestration permitted the agency to engage in a more thoughtful consideration of how to reduce spending over the course of a fiscal year to accommodate a reduced budget.[4] *See* HCD (deciding official testimony). Accordingly, the agency's determination that the appellant was essential during the government shutdown did not prevent it from proving cause for his sequestration furlough, as it did here.

The appellant did not establish that the agency committed a due process violation or harmful error by delegating the task of receiving oral replies.

¶12    The appellant does not dispute that he was given the opportunity to respond to the proposed furlough. Instead, he argues that the agency violated his due process rights and committed harmful error because the deciding official delegated the task of receiving oral replies to a designated official, rather than receiving them personally. PFR File, Tab 1 at 5-7; *see* HCD (deciding official testimony). We disagree.

¶13    Prior notice and an opportunity to respond to an appealable agency action are fundamental due process requirements for a tenured public employee. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (recognizing that due process rights may vary depending on the circumstances). Here, the agency proposed furloughing the appellant, but first provided him with 7 days to respond orally and/or in writing. IAF, Tab 10 at 7-8. Accordingly, the agency provided the appellant with the required constitutional right to minimum due process and a

---

[4] The appellant does not dispute this distinction in the two furloughs. *See* PFR File, Tab 1 at 14-15 (containing the appellant's argument that he should have been deemed essential during both furloughs because they were both "based on fiscal issues" and he is essential for patient care).

meaningful opportunity to respond.[5]  *See generally Kinsey v. Department of the Navy*, 59 M.S.P.R. 226, 229 (1993) (where an agency has provided an employee with an opportunity to make a written reply to a notice of proposed adverse action, its failure to afford him an opportunity to make an oral reply does not violate his right to minimum due process).

¶14    Even though we find no due process violation, we still must determine whether the agency committed a procedural error.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999) (observing that, in addition to the right to due process, "[p]ublic employees are . . . entitled to whatever other procedural protections are afforded to them by statute, regulation, or agency procedure").  Therefore, we must examine whether the agency committed a harmful error by virtue of the deciding official delegating the authority to receive oral replies to the proposed furlough.  *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281 (Fed. Cir. 2011) (holding that procedural

---

[5] The appellant disputes the administrative judge's finding that he did not submit an oral or written reply to the proposed furlough.  PFR File, Tab 1 at 7, 17; *see* ID at 6.  According to the appellant, he submitted an oral reply to his immediate supervisor.  PFR File, Tab 1 at 7, 17.  However, other than his own testimony, the appellant presented no evidence of this reply, such as testimony from his supervisor.  Moreover, to the extent that he orally disputed the proposed furlough to his supervisor, this was not the appropriate avenue for submitting a reply, as the appellant implicitly acknowledges.  *Compare* IAF, Tab 10 at 8 (furlough proposal directing the appellant to contact a specific Human Resources representative to arrange for an oral reply if he wished to submit one), *with* PFR File, Tab 1 at 7 (indicating that he "did not reply via [Human Resources]" because he did not trust that his statement would be reported "in an accurate and factual manner").  Accordingly, we see no meaningful distinction between the appellant's testimony that he "orally replied" to his immediate supervisor and the administrative judge's finding.  *See generally Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 11 (2014) (finding that in the absence of any indication that the appellant made a reasonable effort to assert his right to respond, or that the agency denied him his right to respond through action, negligence, or design, the appellant was not denied due process); *Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶¶ 7, 22 (2004) (finding no due process violation where the appellant asked to respond to a proposed removal after the agency's deadline for doing so and the agency refused), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006).

errors are subject to a harmful error analysis).  An appellant bears the burden of proving, by preponderant evidence, that the agency committed harmful error in reaching its decision.  5 C.F.R. § 1201.56(a)(2)(iii), (b)(1), (c)(2).  A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  5 C.F.R. § 1201.56(c)(3).

¶15    In asserting harmful error, the appellant relies on the May 14, 2013 memorandum from the Secretary of Defense that detailed which employees could be excepted from the furloughs.  *See* IAF, Tab 11 at 4-14.  The memorandum indicated that the designated official for determining who would be excepted from the furloughs would be no lower than a local Installation Commander and that these responsibilities could not be delegated further.  *Id*. at 8.

¶16    Despite the aforementioned memorandum, the record reveals that the deciding official's delegation of the duty to receive oral replies was consistent with agency policy.  *See* Department of the Navy's Administrative Record for FY 2013 Furlough Appeals, Part 1 at 36, *available at* http://www.mspb.gov/furlough appeals/navy2013.htm.  The policy pertaining to furloughs, dated 10 days after the memorandum cited by the appellant, explicitly provided that "[a]n individual other than the [d]eciding [o]fficial may be delegated as the [r]eply [o]fficial" for oral replies.  *Id*.  Moreover, even if the agency had erred in delegating the duty of receiving oral replies, the appellant failed to present any argument or evidence as to how the error was harmful.  *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015) (the Board may not assume that an employee has been harmed by a procedural error in the adverse action process; the appellant bears the burden of proving harm).  Accordingly, the administrative judge properly found that the appellant failed to show that the agency committed either a due process violation or a harmful error.

ORDER

¶17     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.